# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-273 |
| | ) | |
| DOLLAR TREE INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-050 |
| | ) | |
| DOLLAR TREE DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| MALIK JA'RELLE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-118 |
| | ) | |
| DOLLAR TREE DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

The Court previously entered an Order directing Williams to show cause why his three virtually identical complaints should not be dismissed after he failed to respond to a prior Order concerning their consolidation.  *See* CV422-273, doc. 15 (S.D. Ga. June 21, 2023); CV423-050, doc. 23 (S.D. Ga. June 21, 2023); CV423-118, doc. 10 (S.D. Ga. June 21, 2023).  The July 7, 2023 deadline for him to respond to those Orders has passed.  *See, e.g.,* CV422-273, doc. 15 at 2.  He was expressly warned that "failure to respond to this Order will result in a recommendation that all three of his pending cases be dismissed."  *Id.* at 2-3 (citing Fed. R. Civ. P. 41(b)).  That was no idle threat.

The Court has previously recited the remarkable procedural history of Williams' claims in its Order concerning consolidation.  *See, e.g.,* CV422-273, doc. 13 at 2-5.

> In July 2022, Williams filed a Complaint against Dollar Tree Inc.  *See* CV422-174, doc. 1 (S.D. Ga. July 21, 2022).  The factual allegations described his exposure to rodents during the course of his employment and resultant illness he allegedly suffered.  *See id.* at 4.  He requested "Four Billion Dollars in punitive damages."  *Id.* at 5.  He subsequently voluntarily dismissed that case.  *See* CV422-174, doc. 13 (S.D. Ga. Oct. 6, 2022), doc. 16 (S.D. Ga. Oct. 18, 2022).
> Approximately one month after the District Judge dismissed that case, Williams filed a virtually identical case.

*See* CV422-273, doc. 1 (S.D. Ga. Nov. 15, 2022). Defendant moved to dismiss, CV422-273, doc. 8, and Williams only responded to that motion after prompting by the District Judge, *see* CV422-273, docs. 11 & 12. Notably, Williams' response was filed approximately two weeks after the extended deadline for that response set by the District Judge. *See* CV422-273 doc. 11 (noting plaintiff's failure to timely respond to the original motion and directing him to respond within fourteen days of January 30, 2023), doc. 12 (filed February 28, 2023). Williams acknowledged his failure to timely respond and indicated he "will be applying another case." CV422-273, doc. 12 at 1.

True to his word, Williams filed his third case the day before he responded to the District Judge's Order. *See* CV423-050, doc. 1 (S.D. Ga. Feb. 27, 2023). Defendant, again, moved to dismiss. Doc. 11. Williams responded. CV423-050, doc. 13 (S.D. Ga. April 4, 2023). Williams moved to amend the Clerk's designation of the nature of the case. *See* CV423-050, doc. 15 (S.D. Ga. April 11, 2023). Defendant opposed "on the grounds that [his request] is futile . . . ." CV423-050, doc. 16 at 1 (S.D. Ga. April 24, 2023). Defendant then moved to stay discovery pending disposition of its Motion to Dismiss. CV423-050, doc. 18 (S.D. Ga. May 3, 2023). Williams has not responded, *see generally* docket, but his time to do so has not yet expired, *see, e.g.*, S.D. Ga. L. Civ. R. 7.5.

Undeterred by the pendency of his two prior cases, Williams has filed another. *See* CV423-118, doc. 1 (S.D. Ga. May 2, 2023). Although the Clerk issued a summons directed to Dollar Tree Distribution, Inc., doc. 5 (S.D. Ga. May 9, 2023), there is no indication that service has been effected, *see generally* docket. . . . .

Although the allegations in the various complaints are not verbatim identical, they are substantially the same. Williams alleges that he was an employee at a warehouse owned or operated by Defendant Dollar Tree Distribution, Inc., Dollar Tree, Inc., or an associated entity. The facility was infested by rodents. He was directed to deal with the rodents but was not provided with appropriate protective

> equipment. As a result, he contracted unspecified diseases. Although the theory of liability is not entirely clear, it appears that he contends that those instructions amounted to negligence. He seeks $15,000,000.00 in damages. *See* CV422-273, doc. 1 at 4; CV423-050, doc. 1 at 4; CV423-118, doc. 1-1 at 4.

*Id.* Given the apparent connection between the various cases, the Court directed Williams to show cause why they should not be consolidated. CV422-273, doc. 13; CV423-050, doc. 19; CV423-118, doc. 6. When he failed to respond to that Order, the Court directed him to show cause for his failure and advised him that further failure to prosecute would result in dismissal. CV422-273, doc. 15; CV423-050, doc. 23; CV423-118, doc. 10. He has, again, failed to respond. *See generally* dockets.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See* L.R. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Plaintiff's cases, CV422-273, CV423-050, and CV423-

118 should thus be **DISMISSED** without prejudice for failing to comply with the Court's Orders and failing to prosecute them.[1]

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[1] To the extent that, despite his failure to respond to the Court's Orders, Williams wishes to pursue one or more of these cases, the fourteen-day objections period, discussed below affords him one final opportunity to respond to **both** prior Orders. If he does submit such a response, he must also explain his failure to comply timely with those Orders. The Court notes that Williams has filed another case against Dollar Tree, Inc. *See Williams v. Dollar Tree, Inc.*, CV423-171, doc. 1 (S.D. Ga. June 23, 2023). The allegations in that case, however, do not involve Williams' employment with Dollar Tree. *See id.* at 4 (alleging claims arising from purchasing items from Dollar Tree and visiting a Dollar Tree store as a customer). Those claims, therefore, seem distinct from the employment-related claims asserted, and apparently abandoned, in these cases.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 17th day of July, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA